conclusion of law is reversed and the following new conclusion is made: " That the defendant is entitled to judgment dismissing the plaintiff's complaint." Scudder, Tompkins and Davis, JJ., concur; Lazansky, P. J., and Hagarty, J., dissent.

JOHN F. CARNEY and Another, as Executors of LUELLA WALTER EISENLOHR, Deceased, Respondents, v. PAUL C. KIENAST, Appellant. (Appeal No. 1.) — Final judgment and order unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Kapper, Hagarty and Davis, JJ.

JOHN F. CARNEY and Another, as Executors of LUELLA WALTER EISENLOHR, Deceased, Appellants, v. PAUL C. KIENAST, Respondent. (Appeal No. 2.) — Exceptions overruled and judgment in so far as it fixes the date from which interest shall accrue as July 23, 1931, unanimously affirmed, without costs, on the ground that it appears that the testatrix was receiving the net income of the property after the date of its transfer and until about the time of her death on March 20, 1932. Present — Lazansky, P. J., Young, Kapper, Hagarty and Davis, JJ.

COLES CARPENTER, Appellant, v. BEE LINE, INC., Respondent. ADELINE CARPENTER, Appellant, v. BEE LINE, INC., Respondent.— Judgments reversed on the law and a new trial granted, costs to appellants to abide the event, upon the ground that it was error for the court to have directed a verdict. The proof shows that plaintiffs signed a general release for $100, a sum inadequate for the damages sustained by them, upon defendant's representation that the husband would be returned to his employment with defendant. He was re-employed at a reduced salary and about three months thereafter discharged without cause. There was a question of fact for the jury: Did defendant really intend to re-employ the husband or did it merely intend to use re-employment as a cloak or cover of a design to procure the release, and to discharge the husband as soon as it might seem that the discharge was not a part of a plan to procure the release? Lazansky, P. J., Young, Kapper and Hagarty, JJ., concur; Davis, J., concurs on the ground stated and on the further ground that the release was obtained by what amounts to legal duress, when the representative of defendant required the plaintiffs to sign the release, threatening them with the loss of the husband's employment if they did not sign on the terms offered; and that the sum paid them is obviously inadequate, being obtained through overreaching and unconscionable conduct on the part of the defendant through its representative — although the latter question may not have been specifically raised on the trial. The interests of justice require reversal.

BATTISTA COMBY and Another, Doing Business under the Firm Name and Style of B. COMBY & COMPANY, Respondents, Appellants, v. BENJAMIN C. HARVEY, Appellant, Respondent, and CORTLANDT MORTGAGE COMPANY, Respondent.— On appeal by plaintiffs, judgment of the City Court of Yonkers unanimously affirmed, without costs, no brief having been filed by defendant Cortlandt Mortgage Company. On appeal by defendant Harvey, judgment and order of the City Court of Yonkers unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Kapper, Carswell, Scudder and Tompkins, JJ.

DEVONIA DISCOUNT CORPORATION, Respondent, v. ANGELO H. BIANCHI, Doing Business as BIANCHI CONSTRUCTION COMPANY, Appellant, and Another, Defendant.— Order of the City Court of Mount Vernon dated January 26, 1934, reversed on the law and the facts, with ten dollars costs and disbursements, and the motion